**H. Mucugia MWASI, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 78–3213.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 1980.

Decided Aug. 15, 1980.

Rehearing Denied Oct. 23, 1980.

---

Daniel Hoyt Smith, Smith, Kaplan, Withey, Theiler & Sowa, Seattle, Wash., for petitioner.

Chester J. Halicki, Dept. of Justice, Washington, D.C., on brief, for respondent.

Before DUNIWAY and WALLACE, Circuit Judges, and JAMESON,* District Judge.

DUNIWAY, Circuit Judge:

Humphrey Mucugia Mwasi, a native and citizen of Kenya who came to the United States in 1963 as a nonimmigrant student, appeals the denial of his application for suspension of deportation. We affirm.

We have withheld disposition of this case pending decision by the court in banc in two cases, *Wang v. I. & N.S.*, 9 Cir., 1980, 622 F.2d 1341, and *Villena v. I. & N.S.*, 9 Cir., 1980, 622 F.2d 1352. We conclude that under *Villena*, the order in the present case should be affirmed.

▮ Eligibility for suspension of deportation is governed by section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). The Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence if the alien has been present in this country continuously for not less than seven years and has during all that time been a person of good moral character, and if deportation would result in "extreme hardship" to the alien, or his citizen spouse or child. Mwasi meets the first two requirements. However, the Administrative Law Judge found that no such extreme hardship would result.

Mwasi came to this country as a student in 1963. He was finally ordered deported in 1971. In that same year, he married an American citizen. After numerous further proceedings, he was finally scheduled to fly to Kenya on July 18, 1974. However, on July 12, he applied for a stay. A motion to reopen was granted on February 12, 1975. A hearing was held on February 3, 1976, and a further hearing on January 31, 1977. This resulted in denial of Mwasi's application. He appealed to the Board of Immigration Appeals, which dismissed on August 31, 1978. The present petition for review was filed here on October 10, 1978.

Mwasi claims that his wife and her young son (Mwasi's stepson) would suffer extreme hardship if he were deported. However, he married the lady in 1971, and they separated about one year later. Attempted reconciliation was unsuccessful, and his wife filed for divorce in 1975 and has no intention of

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

reconciling. Mwasi says he has contributed $25.00 per month to her support, and that she has benefitted from his health insurance. She is self-supporting. There is no evidence that he has supported the stepson. The marriage is hardly a viable one. The stepson lives with the wife. Separation from Mwasi appears to be the only hardship to the stepson.

Mwasi has no family here; his family is in Kenya. He will lose his job here if deported, will no doubt miss the friends that he has here, and may have trouble finding employment in Kenya. But all of these things happen, to a greater or lesser degree, to every person who has lived and obtained employment here and is deported.

The A. L. Judge, taking all of Mwasi's claims of hardship together, concluded that Mwasi had not shown the degree of hardship—"extreme hardship"—that the statute requires, and denied the petition. This decision is fully supported by our decision in *Villena, supra,* 622 F.2d at 1356–1359.

The decision of the Board is affirmed.